STATE, FRANK GEDNEY, PROSECUTOR, v. RICHARD C. DEY, OVERSEER OF THE POOR OF MONROE TOWNSHIP, IN MIDDLESEX COUNTY. .

The complaint of the overseer of the poor, under section 5 of the act concerning disorderly persons, must contain the averment that, by reason of the desertion, the township may become chargeable, and to justify conviction, that allegation must be established at the trial.

On *certiorari* to review proceedings under disorderly act.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the plaintiff, *A. V. Schenck*

For the defendant, *W. Strong.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The prosecutor, who was defendant below, was convicted of being a disorderly person, under the fifth section of the act concerning disorderly persons, which provides that—

"Any husband or father who deserts, or wilfully refuses or neglects to provide for or maintain his wife or other family, shall be deemed and adjudged a disorderly person; and whenever any overseer of the poor of the township or city within which any husband or father resides, believes that such person does desert or wilfully refuse or neglect to provide for and maintain his said family, and that, by reason thereof, such family may become chargeable to such township or city, it shall be his duty to make complaint thereof, under oath, before some justice of the peace therein." *Rev., p.* 305.

The principal reason relied upon for reversal is that the complaint of the overseer failed to set forth that, by reason

of the alleged desertion, the family of the defendant might become chargeable to the township.

This proceeding is to be instituted for the protection of the township. It cannot be taken against every husband who deserts his family. The act requires that whenever the overseer believes that a husband or father deserts his family, and that, by reason thereof, such family may become chargeable to the township, it shall be his duty to make complaint thereof.

The complaint must be not only that the family is deserted, but also that the township is likely to become chargeable by reason thereof. This is a material fact, essential to the jurisdiction of the justice, and, consequently, must not only be averred in the complaint, but must be established by the evidence in the cause, to justify a conviction.

The fourteenth section of the act provides that the justice may make an order requiring the person convicted to pay such sum weekly, to the overseer, for the support and maintenance of the deserted family, as to such justice may seem proper. This shows that the purpose of the statute is, primarily, to relieve the family and indemnify the township.

It could not have been intended to authorize an overseer to interfere in those cases where the family was abundantly provided for, and where the family might even refuse to accept the enforced assistance of the husband.

The words, "that by reason thereof, such family may become chargeable to such township," are descriptive of the offence at which the penalty of the act is aimed.

No effect can be given to this language without holding that the complaint in this case is defective. Such has been the accepted construction of similar language, in the first section of the bastardy act. *Anonymous, Penn.* 870.

The act of March 11th, 1864, (*Nix. Dig.*, *p.* 1008, *pl.* 6,) provided that the overseer should proceed to make complaint against the husband, upon application to him by the deserted family.

Under that act, the overseer could make no complaint until application for relief was made to him.

The first section of the act of 1868, page 1124, of which the fifth section of the act concerning disorderly persons, in the Revision, is a re-énactment, gives the overseer power to proceed without prior complaint, but the exercise of it is limited to cases where the township may become chargeable.

This change in the law was manifestly intended to enable the overseer to protect the township from liability to loss in cases where the family, though in need of relief, might be tardy in their application, or where they might refuse to complain of the desertion by reason of some restraint still exercised by the husband, or from other motives.

Both the law of 1864 and that of 1868 show that the authority of the overseer to institute proceedings was intended to be restricted to those cases where relief would be necessary, and that it was not intended to bestow upon the overseer the right to bring before the court families that have no need of public aid.

Otherwise, the words with reference to the township becoming chargeable would have been omitted from the latter act.

A further comparison of the acts of 1864 and 1868 shows that this is the true interpretation of the law as it now stands.

The sixth section of the former act defines what the issue shall be, before the jury, in this language:

" If the jury shall find that the accused person has run away, absented himself, neglected or refused to take care of and provide for his family, the justices shall proceed to record the verdict."

It was not necessary, under that act, to submit the question whether the township would likely be chargeable, because application for relief must precede the overseer's complaint.

The framer of the act of 1868 discarded the provision which prescribes the form of the verdict, and required the jury to hear the witnesses produced, to substantiate and rebut

the complaint, and to decide whether the defendant is guilty or not guilty thereof. *Rev.*, *p.* 306, §§ 13, 14, 15.

Hence, the duty of the jury is to find not only the fact of desertion, but the truth of the other material averment in the complaint.

This became necessary from the fact that previous application for relief had been dispensed with.

The proceedings below should be reversed.